FILED
2005 Nov-09  AM 09:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

2005 NOV -7  PM 4:20

SHERLEE GINSBERG, )
BERNARD GINSBERG, )
                                   )
          Plaintiffs.              )
                                   )
vs.                                )          CV-05-CO-2296-S
                                   )
LEDIC REALTY MANAGEMENT            )
SERVICES, INC., C-K                )
BRECKENRIDGE, LLC., CLK            )
MANAGEMENT CORP., et al.,          )
                                   )
          Defendant.               )

## MOTION TO DISMISS or ALTERNATIVE MOTION
## TO REQUIRE MORE DEFINITE STATEMENT

COME NOW the defendants Ledic Realty Management Services, Inc. and C-K Breckenridge, LLC and move this Court to dismiss this suit, and in support of the Motion to Dismiss show to the Court as follows:

1.    The complaint fails to state a claim for which relief can be granted.

2.    The complaint fails to join a party under Rule 19 since the complaint refers to medical treatment by one of the plaintiffs for alleged injuries in a Veteran's Hospital so that the United States is the real party in interest to the extent of at least those medical bills.

Alternatively, in the event the Motion to Dismiss should not be granted, defendants move this Court to enter an Order requiring a more definite statement, showing that the complaint is so incomplete, vague, and ambiguous that the separate defendants cannot reasonably be required to frame a responsive pleading and further

show to the Court that the scope of disclosures and even discovery under LR 26.1 cannot reasonably be determined by the complaint.  In support of the motion seeking this alternative relief defendants show to the Court as follows:

1.    The complaint alleges in paragraphs 8 and 10 that plaintiffs entered into a written lease with defendants, a copy of which is attached to the complaint as Exhibit A. Count I of the complaint attempts to claim the defendants (plural, all of them) breached that lease although the document attached to the complaint by the plaintiffs shows on its face that neither Ledic Realty Management Services, Inc. nor CLK Management Corp. is a party to that lease.

2.    Count One of the complaint apparently seeks to claim a breach of a lease agreement, but paragraph 11 of the complaint alleges only that one undifferentiated defendant breached the agreement, "...by continuing to allow other tenants infringe upon plaintiffs' contractual right of a covenant of quiet enjoyment."  The complaint fails to allege a specific breach by any identified defendant and instead alleges that an unidentified non-party infringed upon the plaintiffs' rights.  The complaint fails to allege a duty of any identified defendant beached by that defendant, instead alleging that someone else is the cause of the plaintiffs' difficulties.

3.    Count Two of the complaint apparently attempts to present some claim for negligence but instead alleges the plaintiffs' problems were caused by non-party co-tenants.  The complaint fails to establish a duty of any identified defendant or a breach of that duty, instead of effectively attempting to make the defendants somehow vicariously responsible for indefinite misconduct of a non-party.

4.      Count Two of the complaint apparently attempts to allege negligent breach of an undefined contractual obligation.  A breach of such  a contractual obligation would be, if anything, a claim for breach of contract and not a tort. Even if the plaintiffs have a tort claim, they cannot have both a tort claim and a contract claim for the same event and must elect which remedy they chose.

5.      Count Three of the complaint apparently seeks to present a claim for misrepresentation and/or suppression which under Alabama law are claims for fraud governed by Title 6, Chapter 5, Article VII *Code of Alabama*, (1975) as an action based on fraud.  Fraud must be pled with particularity as required by Federal Rule 9(b), and Count III does not meet that requirement.  For example, the complaint fails to allege:

a.      What was misrepresented

b.      What was or would have been a truthful representation

c.      When any misrepresentation occurred

d.      Who made any alleged misrepresentation and the staus or capacity of that person with respect to any of the corporate defendants

e.      To whom any misrepresentation was made

f.      What specific damage was caused by any misrepresentation

g.      Where any misrepresentation occurred

h.      The circumstances of any misrepresentation

i.      What action was taken by the plaintiffs in response to

any misrepresentation

j.     What specific information was allegedly suppressed.

k.     When any suppression occurred

l.     Where any suppression occurred

m.     Who suppressed any information and the relationship

of that person to any of the corporate defendants

n.     From whom any information was suppressed

o.     What action was taken by plaintiffs in response to any

suppression

p.     What damage was caused by any alleged suppression

q.     What relationship existed at the time of the alleged

suppression between the individual suppressing information,

any corporate defendant, and the plaintiffs

r.     Any duty to communicate allegedly suppressed information

6.     Count Three of the complaint apparently attempts to allege fraudulent breach of a contractual relationship which would be a claim sounding in contract and not in tort. Even if the plaintiffs have both a tort claim and a contractual claim for the same conduct they must elect which remedy they choose.

7.     Count Four of the complaint apparently attempts to allege outrage, but the complaint alleges no duty of any single defendant or any individual identified or alleged as acting on the part of any of the corporate defendants or a relationship between the individual whose actions are the basis for the complaint and any corporate defendant.

8.      Rule 9(b) requires pleading malice, intent, knowledge, and other condition of the mind. Outrage, as specifically defined in Alabama Pattern Jury Charge 29.05, requires intentional or reckless conduct, but neither intentional nor reckless conduct is alleged.  The corporate defendants could not have acted except through a person. The complaint not only fails to identify or allege that any particular person was guilty of outrage or the relationship between any unidentified person and any of the corporate defendants, but it also fails to allege the required condition of the mind of such a person.

9.      Count Four in paragraph 22 apparently claims damages caused by aggressive behavior directed toward the plaintiffs from someone else besides the defendants although that person or those persons are not identified, the date of the unidentified actions by the unidentified persons is not pled.

10.      Count Four of the complaint attempts to present a claim for outrage which is defined by Alabama Pattern Jury Instruction 29.05.  The references to the pattern jury charge make it clear that liability for outrage does not extend to mere insults, indignities, threats, and annoyances as stated by the Alabama Supreme Court in *American Road Service Company v Inmon*, 394 So.2d 361 at 364-365 (Ala. 1981).  The only allegations in the complaint are specifically excluded from outrage. Compare the plaintiffs' own characterization of the acts complained of in paragraph 27 as "hurtful, inconveniencing, and damaging."

11.      Count Four apparently attempts to allege an outrageous breach of contract which would, if anything, be a breach of contract and not a tort.  Even if the plaintiffs have both a tort claim and a contractual claim for the same conduct they must elect the remedy they chose.

12.    Count Five of the complaint apparently attempts to present a claim for nuisance.  Paragraph 27 alleges the defendants were made aware of inappropriate conduct of someone else. The complaint does not plead any basis for the defendants being liable or responsible for inappropriate conduct of a non-party.

13.    Paragraph 27 of the complaint alleges only that defendants were made aware of inappropriate conduct of a non-party but does not identify any person who was allegedly made aware of anything or the date or time of any alleged communication or any relationship between the person who was "made aware" and the corporate defendants.

14.    Count Five of the complaint apparently attempts to present an allegation of nuisance but fails to allege any duty of any of the corporate defendants for a nuisance which the complaint alleges was caused by a non-party.

15.    Plaintiffs apparently allege that their lease with one defendant requires all defendants to breach and terminate another lease with a non-party. If anything the plaintiffs have only alleged a breach of a contractual duty which is an action in contrast and not in tort.  Even if plaintiffs have both a tort claim and a contract claim for the same conduct they must elect the remedy they chose.

MATTHEW W. ROBINETT ASB-3523-172M
WILLIAM C. WOOD ASB-2689-DA4W
NORMAN, WOOD, KENDRICK & TURNER
Financial Center, Suite 1600
505 20th Street North
Birmingham, AL 35203
Telephone: (205) 328-6643

Fax: (205) 251-5479
Email: wood@nwkt.com
mrobinett@nwkt.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on all counsel of record by placing a copy of same in the U.S. mail, postage prepaid and properly addressed on this the ___ dad of November, 2005, as follows:

Elizabeth Marie Kammer
2320 Arlington Avenue
Birmingham, AL  35205

BY_____