FILED

2005 Nov-28  PM 11:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

_____

**SHERLEE GINSBERG,**
**BERNARD GINSBERG,**

**Plaintiffs**

**VS.**

**LEDIC REALTY MANAGEMENT**
**SERVICES, INC., C-K**
**BRECKENRIDGE, LLC., CLK**
**MANAGEMENT CORP., et al.,**

**Defendants.**

_____

**CV05-CO-02296-S**

**STEPHEN A. STRICKLAND**
**ASB-2252-I705**
**ELIZABETH KAMMER**
**ATTORNEYS FOR PLAINTIFFS**

## STATEMENT OF ISSUE

I.      WHETHER THERE IS A CLAIM IN WHICH RELIEF CAN BE GRANTED BASED UPON THE PLEADED FACTS.

II.     WHETHER THE REAL PARTY IN INTEREST IS THE UNITED STATES.

**TABLE OF CONTENTS**

STATEMENT OF ISSUES  …………………………………………………….. 2

TABLE OF CONTENTS  …….…………………………………………………. 3

TABLE OF AUTHORITIES  ..……………………………………………….… 4

MEMORANDUM BRIEF  …………………………………………………..... 5

    SUMMARY OF FACTS  ……………………………………………….. 5

    STANDARD OF REVIEW…………………………………………….... 9

    ARGUMENT  …………....………………………………………... 11

        A.  DEFENDANTS BREACHED CONTRACT THROUGH
           COVENANT OF QUIET ENJOYMENT BY FAILING TO
           TAKE STEPS TO REMEDY THE SITUATION …………….. 11

        B.  DEFENDANTS NEGLIGENTLY BREACHED THEIR
           DUTY OF CARE TO PLAINTIFFS ………………………….. 13

        C.  DEFENDANTS SUPPRESSED AND/OR
           MISREPRESENTED MATERIAL FACTS TO THE
           PLAINTIFFS BY FAILING TO INFORM THEM OF THE
           PROBLEM TENANTS PRIOR TO SIGNING OF THE
           LEASE ………………………………………………… 14

        D.  DEFENDANTS' COMMITTED OUTRAGE AGAINST THE
           PLAINTIFFS BY CAUSING THE PLAINTIFFS TO BE IN
           FEAR OF PHYSICAL RETRIBUTION………………………. 15

        E.  DEFENDANTS' FACILITATED THE NUISANCE CAUSED
           BY THEIR TENANTS THROUGH A LACK OF ACTION … 16

    CONCLUSION ……………………………………………………… 17

# TABLE OF AUTHORITIES

**CASES:**

Barton v. American Red Cross, 829 F.Supp. 1290, 1297 (11th Cir. 1993) ………. 9

Brandon v. Piggly Wiggly, 4 F.Supp.2d 1357, 1360 (11th Cir. 1998) …………... 9

Chiketta Tinker v. Perry Beasley, Dan Watson, 2005 WL 3007129, 5
    (11th Cir. 2005) ……………………………………………………… 14

Conley v. Gibson, 78 S.Ct. 99 (1957) …………………………………………… 9

H. Keith Johnson v. Northpointe Apartments, 744 So.2d 899, 902 (Ala. 1999) ... 10

Johannessen, 76 F.3d 347, 349 (11th Cir. 1996) ………………………………… 9

Lockheed Martin Corp. v. Galaxis USA, Ltd., 222 F.Supp.2d. 1315, 1326
    (11th Cir. 2002) ……………………………………………………… 13

Norton v. Belarus Machinery of USA, inc., 2005 WL 1501452, 1 (11th Cir. 2005)  9

Oladeinde v. City of Birmingham,  963 F.2d. 1481, 1485 (11th Cir. 1992) ……... 9

Thorton v. Butler, 728 F.Supp. 679, 683 (11th Cir. 1990)  ……………………… 12

William v. Alabama State University,  102 F.3d 1179, 1182 (11th Cir.1997) …… 9

**STATUTES:**

Ala. Code 1975 § 6-5-542 …………………………………………………..… 9, 10

Ala. Code 1975 § 6-5-101 …………………………………………………..… 14

Ala. Code 1975 § 6-5-120 …………………………………………………… 15

**MEMORANDUM BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DENY DISMISSAL**

COMES NOW, Sherlee and Bernard Ginsberg, plaintiffs in the above-styled cause, by and through their counsel of record, present the following Memorandum Brief:

## I.    SUMMARY OF FACTS

On October 10, 2003 Bernard and Sherlee Ginsberg entered into a rental agreement with C-K Breckenridge, LLC., a subsidiary of CLK Management Corp. The apartment leased by Bernard and Sherlee Ginsberg was Number 05, located at 3216 Bearden Place, Birmingham, Alabama 35243.  The lease was for a term of twelve months and twenty-two days for a monthly sum of seven hundred and fifteen dollars prorated to five hundred  and seven dollars.

Bernard and Sherlee Ginsberg are an elderly couple who rented the apartment due to easy access and a misguided belief that the environment of the complex would be quiet and peaceful.  Mr. Ginsberg is a World War II veteran, who is handicapped due to paralysis and a drop foot in one of his legs. Mr. Ginsberg's disabilities were known by the management at Breckenridge prior to rental of the apartment.  The Ginsbergs chose the apartment because the entry to the apartment was level and it was in close proximity to the parking lot. Mobility was also an issue for Mrs. Ginsberg who is in her late 70's and has

terrible arthritis in her neck and back.  Mr. and Mrs. Ginsbergs' disabilities were obviously apparent to the management at Breckenridge since a handicap parking place was designated for the Ginsbergs.

The Ginsbergs' belief that the apartment complex was quiet and peaceful became quickly dispelled by the continuous noise infractions emanating from Apartment No. 6.  As early as late fall of 2003, Sherlee Ginsberg began to complain orally to the property manager and agent for Ledic Realty Management Services, Inc., Ms. Susan Hughes, of the severe noise disturbance.  Ms. Hughes was verbally made aware that the actions of the tenants residing in the upstairs apartment were so distressing that my clients could neither sleep, function, nor peacefully inhabit the dwelling in which they contracted to live under ownership and/or management of C-K Breckenridge, LLC., a subsidiary of CLK Management Corp.  The efforts made by the Ginsbergs to resolve this matter through oral communication were fruitless, so in December of 2003 they began to fax letters to Susan Hughes.

The first fax sent to Susan Hughes was on December 15, 2003, in which it stated that the noise emanating from the apartment was intolerable due to the pounding of music containing heavy metal - base drums until 4:30 a.m., conversing of guest, and the constant entrance and exodus of visitors.  The

plaintiffs continued to send faxes to Susan Hughes relaying the numerous noise infractions committed by the tenants in Apartment 6.   The following are examples of the disturbances enumerated in the faxes to Susan Hughes: continuous and intentional blowing of car horns, late night exercising by the Apt. 6 tenants to such an extent that the Ginsbergs' windows rattled and their walls creaked, washing of clothes at all hours of the night causing the Ginsbergs to be awakened by the banging of a dryer, and the relentless blasting of heavy metal music.  My clients sent 14 faxes to Susan Hughes pleading that she resolve this matter.  The last fax was transmitted in July of 2004.

In the initial fax sent in December of 2003, Mrs. Ginsberg stated that she was fearful of the tenants occupying Apartment 6 and requested that her identity as a complaining tenant remain unrevealed.  It quickly became apparent to this elderly couple that their identity had been exposed.  My clients' aggressive neighbors began beating on the Ginsbergs' door and ringing the doorbell throughout the night. Mr. and Mrs. Ginsberg were gravely fearful of this threatening behavior, to the extent that they were often forced to reside with relatives.  The Ginsbergs' fears of violence were clearly justified by the offensive behavior they continuously witnessed from the tenants in the upstairs apartment.

For almost a year, the plaintiffs continuously reported the obtrusive and

emotionally disturbing behavior of their upstairs neighbors to the management of Breckenridge Apartments. They, along with the other tenants, requested that the company comply with their duties and resolve the matter. The Ginsbergs and other complaining witnesses were disregarded by management, thereby leaving the plaintiffs with few alternatives. In September of 2004, the Ginsbergs could no longer endure the extreme emotional distress of residing in Breckenridge and had to consider relocation.

On October 28, 2004, Bernard and Sherlee Ginsberg vacated the apartment. Prior to this move, Mr. and Mrs. Ginsberg suffered severe physical ailments. In September of 2004, Mr. Ginsberg had stroke in his eye and was complaining of chest pains. On October 11, 2004, due to the emotional and financial stress of relocation, Mr. Ginsberg was admitted to Brookwood Medical Center with shortness of breath and chest pains. Four days later, the doctors at Brookwood Medical Center performed a cardiac cath and Mr. Ginsberg had a stent placed in his heart. He was released from the hospital on October 17, 2004. During this time Mrs. Ginsberg's health also deteriorated, around October 10, 2004, she was diagnosed with a pulled muscle in the groin due to pelvic muscle strain. To this day, Mrs. Ginsberg has a numbness in her thigh from the injury. The Ginsbergs retained severe injuries due to the fact that they had to hurriedly leave their

apartment so that they could reside in an environment that was safe and free from the continuously unimaginable noise.

The Ginsbergs were in such a haste to quickly vacate the premises that they had not even been able to locate a new apartment. Mr. and Mrs. Ginsberg were forced to reside with their daughter in a two bedroom apartment with an entrance containing five stairs. On November 03, 2004, the strain of the year took its toll on Mr. Ginsberg and he collapsed. He was rushed by ambulance to Brookwood Medical Center where he was hospitalized for three weeks. During this stay he received eight units of blood; the emotional ordeal had caused Mr. Ginsberg to have a Gastro intestinal bleed. The bleeding resulted in renal failure and chest pains. After hospitalization, the weakened and debilitated Mr. Ginsberg resided at Lakeshore Rehab for another three weeks. On January 06, 2005, Mr. Ginsberg was once again rushed to the emergency room, this time by emergency transport to the Veterans Hospital. To this day, my clients still physically suffer from the stress inflicted upon them due to residing at the Breckenridge Apartments.

## II.    STANDARD OF REVIEW

The Rules of Civil Procedure provide that a complaint may be dismissed based upon a plaintiff's failure to state a claim upon which relief may be granted Fed.R.Civ. P. 12(b)(6).    "In deciding whether the complaint states a claim, we

accept all well-pleaded facts in the complaint as true and draw all inferences in the plaintiff's favor."  *See* Williams v. Alabama State University, 102 F.3d 1179, 1182 (11th Cir. 1997) (quoting Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992).  Upon reviewing the facts in a light most favorable to the plaintiff, the complaint should only be dismissed if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *See* Norton v. Belarus Machinery of USA, Inc., 2005 WL 1501452, 1 (11th Cir. 2005) (*see also*, Johannessen, 76 F.3d 347, 349 (11 Cir. 1996); Conley v. Gibson, 78 S.Ct. 99 (1957); Hishon v. King & Spalding, 104 S.Ct. 2229 (1984); Brandon v. Piggly Wiggly, 4 F.Supp.2d 1357, 1360 (11th Cir. 1998).

The standard of review for cases involving medical negligence is based upon the Alabama Medical Liability Act.  *See* Ala. Code 1975 § 6-5-542 (2).  "The AMLA provides that the standard of care is that level of such reasonable care, skill and diligence as other similarly situated health care providers in the same general line of practice, ordinarily have and exercise in like cases."  *See* Barton v. American Red Cross, 829 F.Supp. 1290, 1297 (11th Cir. 1993) (citing Ala. Code 1975 § 6-5-542 (2).

### III.   ARGUMENT

There is a claim upon which relief can be granted based upon pleaded facts in the complaint.   When viewing the facts in a light most favorable to the plaintiffs there is no doubt that the plaintiffs may be entitled to relief.  Bernard and Sherlee Ginsberg should be given the opportunity to present their case to a jury so they can determine the genuine issues of material fact.

The plaintiffs' have never alleged negligence nor legally pursued actions against the Veteran's Hospital.  The United States is not a real party in interest since the Veteran's Hospital was in compliance with the Alabama Medical Liability Act.  *See* Ala. Code 1975 § 6-5-542 (2).

### A.   DEFENDANTS BREACHED CONTRACT THROUGH COVENANT OF QUIET ENJOYMENT BY FAILING TO TAKE STEPS TO REMEDY THE SITUATION

The defendant's had a leasing agreement with Bernard and Sherlee Ginsberg.  The courts have found that in every leasing agreement there is a covenant of quiet enjoyment.  *See* H. Keith Johnson v. Northpointe Apartments, 744 So. 2d 899, 902 (Ala. 1999) (*see also,* Stinson, Lyons, Gerlin & Bustamante, P.A. v. Brickel Building 1 Holding Company, Inc., 923 F.2d 810, 812 (11th Cir. 1991). "Moreover, the landlord covenants not to evict the tenant himself, actually or constructively.  Thus the covenant is breached ....if, during his term, the

tenant is disturbed by a third person or by the landlord." *See* Northpointe at 902. The Alabama Supreme Court has also stated that even if the breach is not sufficient enough to warrant a constructive eviction the injured party may still be entitled to damages. *Id.*

The defendants' breached the contract that they entered into with the plaintiffs based upon the fact that the defendants failed to remedy the situation which resulted in a violation of the covenant of quiet enjoyment. The defendants were made aware of the noise infractions through verbal complaints and fourteen written complaints faxed from December 15, 2003 through July of 2004, to the apartment manager. The following are examples of the disturbances which the plaintiffs stated in the faxes: tenants relentlessly playing heavy metal music until the early morning, late night exercising which caused Plaintiffs' windows to rattle and walls to creak, and slamming of doors during all hours of the night. C-K Breckenridge, LLC., a subsidiary of CLK Management Corp., could have elevated the noise infractions by evicting the Apartment No. 6 tenants, since the rental agreement included a clause stating that noise disturbances can result in eviction. The defendants did not attempt to offer any alternative dispute resolutions thereby facilitating the actions of the Apartment No. 6. tenants.

As a proximate cause of the defendants' actions the plaintiffs were

caused to suffer severe physical injuries.  The plaintiffs injuries were a result of the defendants' failure to rectify the situation and not a result of negligence on the part of the Veteran's Hospital.  As such, there exist issues of material fact that should determined a jury.

### B.    DEFENDANTS NEGLIGENTLY BREACHED THEIR DUTY OF CARE TO PLAINTIFFS

The defendants, as landlords, had a duty of care to the plaintiffs.  This duty which exists through the landlord-tenant relationship was breached by the defendants' lack of action.  "There are unique factual and legal characteristics of the landlord-tenant relationship that justify special statutory treatment inapplicable to to other litigation." *See* <u>Thorton v. Butler</u>, 728 F.Supp. 679, 683 (11th Cir. 1990). The defendants were negligent in allowing the noise infractions to continue, in that they knew, or in the exercise of reasonable care, should have known, that the continuous occurrence of the disturbances would cause physical distress to the plaintiffs.

The plaintiffs, are entitled to relief based upon a tort action in addition to damages due to breach of contract.  The defendants' contend in their Motion to Dismiss that the plaintiffs may only seek action for the breach of contract claim. The Defendants' Motion to Dismiss did not include case law supporting the

defendants' position, therefore, the plaintiffs are forced to assume that the Defendants' are referring to the concept that contract principles should be applied to resolve purely economic claims. If this is defendants' argument, then the plaintiffs declare that there was tortuous conduct committed against them by the defendants which was not based solely upon Count I of the Compliant.

The basis of the negligence action does not stem principally from the breach of contract claim. The negligence suit is based upon a breach of duty owed to the plaintiffs through the landlord/tenant relationship. As stated in, Lockheed Martin Corp v. Galaxis USA, Ltd, a Flordia case, "...when the breach of contract is attended by some additional conduct which amounts to an independent tort that such breach can constitute negligence." *See* Lockheed Martin Corp. v. Galaxis USA, Ltd, 222 F.Supp.2d. 1315, 1326 (11th Cir. 2002). The defendants did not comply with their duties as landlords and this lack of care was the proximate cause of the injuries sustained by the plaintiffs.

**C.    DEFENDANTS SUPPRESSED AND/OR MISREPRESENTED MATERIAL FACTS TO THE PLAINTIFFS BY FAILING TO INFORM THEM OF THE PROBLEM TENANTS PRIOR TO SIGNING OF THE LEASE**

The defendants committed fraud against the plaintiffs when they misrepresented and/or suppressed the well known fact that Apartment No. 6

tenants had previously committed noise disturbances.  Misrepresentation is defined in the Code of Alabama as follows: "misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge and acted on by the opposite party, or if made by mistake and innocently and acted only the opposite party, or if made by mistake and innocently and acted only the opposite party, constituted legal fraud." *See* Ala. Code 1975 § 6-5-101.  Suppression can also be found in the Code of Alabama and the definition states: "suppression of a material fact which the party is under an obligation to communicate constitutes fraud."  *See* Ala. Code 1975 § 6-5-101.  CLK Breckenridge, LLC, a subsidiary of CLK Management Corp., were aware of disturbing actions by Apartment No. 6 tenants prior to the time of the plaintiff's signing of the lease and did not inform the plaintiffs of the situation.  If the plaintiffs had been aware of the situation they would not have entered into the leasing agreement.

**D.    DEFENDANTS' COMMITTED OUTRAGE AGAINST THE PLAINTIFFS BY CAUSING THE PLAINTIFFS TO BE IN FEAR OF PHYSICAL RETRIBUTION**

Outrageous conduct is such that is so extreme in degree, as to go beyond all possible bounds of decency and is atrocious and utterly intolerable in a civilized society. *See* Chiketta Tinker v. Perry Beasley, Dan Watson, 2005 WL 3007129, 5 (11th Cir. 2005). The defendants' committed outrage against Bernard and Sherlee

Ginsberg when they informed the dangerous Apartment No. 6 tenants that the plaintiffs were the individuals complaining of the noise disturbances.

Bernard and Sherlee Ginsberg sent many faxes to Susan Hughes, manager of Breckenridge Apartments, requesting that management elevate the noise disturbances.  In one of these faxes, Sherlee Ginsberg asked Ms. Hughes not to reveal her identity due to a fear of retribution.  The Plaintiffs' fears were justified because soon after the complaint, the Apt. No. 6 residents began beating on the Ginsbergs' door and ringing the doorbell throughout the night.  The Defendants were made aware of the situation and did nothing to stop the aggressive behavior directed towards the elderly couple.  The plaintiffs were eventually forced to relocate to a relatives home.

The emotional distress that the defendants caused the plaintiffs to suffer were so severe that no reasonable person could be expected to endure it.  As a proximate cause of such outrageous conduct by the defendants, the plaintiffs were forced to suffer physical and emotional damage.

**E.    DEFENDANTS FACILITATED THE NUISANCE CAUSED BY THEIR TENANTS THROUGH A LACK OF ACTION**

As stated in the Code of Alabama: "a nuisance is anything that works hurt, inconvenience or damage to another."  Ala. Code 1975 § 6-5-120 The defendants were made aware of the Apartment No. 6 tenants' hurtful,

inconveniencing and damaging conduct.  The Defendants refused to either evict the residents or otherwise prevent its reoccurrence, thereby, encouraging the intolerable actions by complacence and acquiescence.

## III.    CONCLUSION

The plaintiffs have a claim which relief can be granted when the facts are viewed in the light most favorable to the plaintiffs.  There are issues of material fact which should be determined by the jury.  Defendants' Motion to Dismiss should be denied.

**RESPECTFULLY SUBMITTED,**

**s\ Stephen A. Strickland**
**Stephen A. Strickland**
**(ASB – 2252-I705)**
**E-mail:  Stephen@rjaffelaw.com**

**OF COUNSEL:**
**Jaffe, Strickland & Drennan, P.C.**
**The Alexander House**
**2320 Arlington Avenue**
**Birmingham, AL 35205**
**(205) 930-9800**

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew W. Robinett ASB-3523-172M
William C. Wood ASB-2689-DA4W
Norman, Wood, Kendrick & Turner
Financial Cetner, Suite 1600
505 20th Street North
Birmingham, AL  35203

s\Stephen A. Strickland