UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHERLEE GINSBERG, et al., | ] | |
| | ] | |
| Plaintiffs, | ] | |
| | ] | |
| vs. | ] | CV-05-CO-02296-S |
| | ] | |
| LEDIC REALTY MANAGEMENT | ] | |
| SERVICES, INC., et al., | ] | |
| | ] | |
| Defendants. | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

The Court has for consideration a motion for summary judgment,
which was filed by defendants Ledic Realty Management Services, Inc., and
C-K Breckenridge, LLC,[1] on September 25, 2006.  (Doc. 30.)  Plaintiffs
Sherlee and Bernard Ginsberg sued Defendants under Alabama law for
breach of a lease contract through violation of the covenant of quiet
enjoyment, negligence, misrepresentation and/or suppression, outrage, and

_____

[1]Because Plaintiff never established that service was perfected on defendant CLK
Management Corp., that defendant was dismissed from this action without prejudice on
November 17, 2006.  (Doc. 36.)

nuisance.  (Doc. 1.)  Defendants have moved for summary judgment on all

of Plaintiffs' claims.[2]  The issues raised in Defendants' motion for summary

judgment have been briefed by both parties and are now ripe for

consideration.  Upon full consideration of the legal arguments and evidence

presented by the parties, Defendants' motion for summary judgment will be

granted in all respects.

II.    Facts.[3]

On October 10, 2003, plaintiffs Sherlee and Bernard Ginsberg entered

into a one year lease with C-K Breckenridge, LLC, to rent a two bedroom

ground-floor apartment at Breckenridge Apartments in the Cahaba Heights

---

[2]After filing its motion for summary judgment and before the close of the Court's briefing schedule, Defendants filed an unopposed motion for leave to supplement their motion for summary judgment and evidentiary submission to include the affidavit of Edwyna Caldwell.  (Doc. 32.)  Because the motion was filed with no opposition, and because Defendants have shown good cause for filing the affidavit out of time, the motion for leave to supplement will be granted.

[3]The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the Court's own examination of the evidentiary record.  All reasonable doubts about the facts have been resolved in favor of the nonmoving party.  *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002).  These are the "facts" for summary judgment purposes only.  They may not be the actual facts.  *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

community of Vestavia Hills, Alabama.  Defendant Ledic Realty Management

Services, Inc., managed the apartment complex.

From December 2003, through July 2004, Mrs. Ginsberg faxed a

number of complaints to Susan Hughes, the apartment manager, regarding

noises she attributed to the woman who resided above her in Apartment No.

6 and that woman's alleged guests.  Mrs. Ginsberg complained about loud

music, loud laundry washing, late-night exercising, hammering, talking in

the parking lot outside her windows, and the horn sounds from the

locking/unlocking of car doors via remote control.  Breckenridge Apartments

issued five lease infraction notices to the tenant in Apartment No. 6, but

Mrs. Ginsberg testified that the noises continued.

A renewal notice was sent to Plaintiffs on August 2, 2004.  On

September 10, 2004, Mrs. Ginsberg faxed a letter to Mrs. Hughes that stated

she and her husband would not renew their lease and they would vacate the

apartment by the end of their lease term, October 31, 2004.  They moved

from Breckenridge Apartments on October 29, 2004.

On October 5, 2005, Plaintiffs filed this action in the Circuit Court of

Jefferson County, Alabama, which was subsequently removed to the U.S.

District Court for the Northern District of Alabama due to diversity of citizenship among the parties.

III.    Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23.  In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving

party.  *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).  "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV.   Analysis.

A.     Voluntary Dismissal of Claims.

In their memorandum in opposition to summary judgment, Plaintiffs conceded that summary judgment was appropriate on their misrepresentation and outrage claims.  (Doc. 33 at 13.)  Moreover, while Plaintiffs stated that they opposed summary judgment on their breach of contract, nuisance, and negligence claims, they informed the Court that

they would treat these three claims "as one claim for breach of the covenant of quiet enjoyment." (*Id.*)  Therefore, the Court will dismiss Plaintiffs' nuisance and negligence claims and address only Plaintiffs' claim that Defendants violated the covenant of quiet enjoyment.  *See, e.g.*, *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[G]rounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.")

B.    Covenant of Quiet Enjoyment.

Plaintiffs contend that Defendants have breached the covenant of quiet enjoyment "by willfully allowing other tenants to substantially interfere with the Ginsbergs['] property rights." (Doc. 33 at 13.)  Plaintiffs argue that when "one tenant interferes with another tenant's quiet enjoyment of his property, and the landlord had the authority—via a lease provision or otherwise—to control the offending tenant, but does not do so, the landlord will be liable to the injured tenant for breaching the covenant of quiet enjoyment."  (*Id.* at 15.)  Defendants counter that Plaintiffs' arguments and evidence do not establish a claim under Alabama law.

Alabama law governing the covenant of quiet enjoyment in a lease

agreement has been, on the whole, long-standing:

> Though there may not be in a lease, an express
> covenant for the quiet possession and enjoyment of
> the premises during the term, the law implies it, and
> it is the condition on which rent is payable.  In the
> absence of an express covenant, the lessor is not
> liable for the acts of mere trespassers or wrong-
> doers, disturbing the tenant in the quiet enjoyment
> and possession, or preventing him from entering on
> the premises.  For such wrongs or trespasses, the law
> affords the tenant protection, and the covenant of
> the lessor which is implied, extends only to his own
> acts, or the acts of those claiming under him, or
> which are done under his authority, or under a title
> paramount.

*Abrams v. Watson, et al.*, 59 Ala. 524, 1877 WL 1266 at *3 (1877).  The

Alabama Court of Civil Appeals has since clarified:

> The landlord of an apartment house, who lets it for
> a dwelling place to tenants, is not responsible for
> the conduct of other tenants acting within their
> rights in their own apartments; but if the conduct of
> the other renters is unlawful, *and* amounts to a
> nuisance, *and* such nuisance is established or
> maintained with the consent and connivance of the
> landlord, *and* as a consequence other tenants' rights
> are materially disturbed and interfered with, he has

a right to quit the premises and treat it as a constructive eviction.[4]

*Paterson v. Bridges*, 75 So. 260, (Ala. Civ. App. 1917); *see also S. Security Servs., Inc. v. Esneault*, 435 So. 2d 1309, 1312 (Ala. Civ. App. 1983).

Plaintiffs do not allege that the tenant in Apartment No. 6 asserted a superior legal right to possession of their apartment or proffered a "title paramount."  Plaintiffs also do not allege that their neighbor in Apartment No. 6 was an agent of Defendants or acted in any way on behalf of Defendants.  Rather, Plaintiffs contend that the tenant in Apartment No. 6 and her alleged guests disturbed the possession of their rental property due to excessive noise—which included loud music, loud laundry washing, late-night exercising, occasional hammering, talking in the parking lot outside Plaintiffs' windows, and locking/unlocking of car doors via remote control.

Plaintiffs, however, have not introduced substantial evidence to convince a reasonable jury that liability should be imposed on Defendants under the standard set forth in *Paterson*.  Plaintiffs do not argue, nor is

---

[4]"Alabama does not recognize constructive eviction and breach of quiet enjoyment as separate claims." *Bowdoin Square, L.L.C. v. Winn-Dixie Montgomery, Inc.*, 873 So. 2d 1091,1104 (Ala. 2003) (citing *Oliver v. Bush*, 27 So. 923, 924 (1900)).

there sufficient evidence to establish, that any of the alleged wrongful acts of the Apartment No. 6 tenant or her guests was unlawful.  Plaintiffs also have failed to introduce sufficient evidence to convince a reasonable jury that the alleged noise continued "with the consent and connivance" of Defendants.  While Plaintiffs' arguments may comport with the law of other jurisdictions, their evidence in this case falls short of the requirements imposed by Alabama law.  Therefore, Defendants are entitled to summary judgment on Plaintiffs' claim.

V.    Conclusion.

For the reasons set forth above, Defendants' motions for summary judgment are due to be granted in all respects.  A separate order in conformity with this opinion will be entered.

Done this 27th day of November 2006.


_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297